ORD DARLING, CONTESTANT AND RESPONDENT, v. DENIS
J. MURPHY, INCUMBENT AND APPELLANT.

Submitted December 5, 1903—Decided February 23, 1904.

1. The incumbent against whom proceedings to contest an election
   before the Circuit Court are required to be taken, is the person
   who is originally declared elected.
2. The Circuit Court is without jurisdiction in a contested election
   case, where the proceedings are initiated by the person originally
   declared elected, although his certificate of election has been
   subsequently revoked by a justice of the Supreme Court upon a
   recount of the ballots.
3. The appeal provided by section 175 of the act to regulate elec-
   tions is a substitute for the writ of *certiorari,* and the case is
   properly before this court, notwithstanding the want of jurisdic-
   tion in the Circuit Court.

Contested election. On appeal from the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON,
HENDRICKSON and SWAYZE.

For the contestant, *J. Emil Walscheid.*

For the incumbent, *Hudspeth & Puster.*

The opinion of the court was delivered by

SWAYZE, J. On April 14th, 1903, an election for council-
man-at-large was held in the town of West New York. The
board of town canvassers declared Ord Darling elected. Sub-
sequently a recount was had, under section 159 of the act
to regulate elections. *Pamph. L.* 1898, *p.* 237 (at *p.* 310). The
recount changed the result; the certificate of election which
had been issued to Darling was revoked, and a certificate
issued by Justice Dixon to Denis J. Murphy. Thereupon
Darling began these proceedings to contest the election, under
sections 162 to 177 of the act. In these proceedings Murphy

is named as incumbent and Darling as contestant.   The Circuit judge found that ballots containing Murphy's name had been substituted after the election for ballots with Darling's name, and he thereupon adjudged that Darling was duly elected.   From this judgment an appeal was taken, under section 175 of the act, to this court.

Of the objections now urged to these proceedings by the appellant, it is necessary to consider only the objection that the court was without jurisdiction for the reason that Darling himself is the "incumbent," as defined by the statute.

The proceedings under sections 162 to 177 of the act are not a substitute for the proceedings by *quo warranto* to try the title to the office, but are merely a part of the electoral machinery and to be regarded simply as a part of the apparatus for organizing the government, by supplying it temporarily, and, in view of the pressing public necessity, with its necessary members.   *Conger* v. *Convery*, 23 *Vroom* 417; affirmed on this point, 24 *Id.* 658.

The proceeding is purely statutory, and in order that the court may have jurisdiction the statute must be complied with.   Section 166 requires the contestant to file a petition in writing, together with a bond to the "incumbent," conditioned to pay costs in case the election be confirmed or the petition be dismissed or the prosecution fail.   The court is required, by section 173, to pronounce judgment whether the "incumbent" or any contestant was duly elected; and if the judgment be against the "incumbent," and he has already received the certificate of election, the judgment annuls it.

The proceeding is against the person called by the statute the "incumbent."   The statute itself defines the word "incumbent."   Section 164 provides that "the term 'incumbent' in this act means the person whom the canvassers declare elected."   If "the canvassers" are the board who originally canvass the votes, Darling himself is the incumbent, and proceedings taken by him to contest the election cannot be taken in the manner required by this statute.

The provisions of the statute make it clear that "the can-

vassers" are the board who originally canvass and estimate the votes. The canvassers referred to in section 164 are canvassers who "declare elected" the proper person. The county board, upon a recount, does not declare the result of the election nor issue a certificate; that duty devolves upon the justice of the Supreme Court. Nor does the county board, upon a recount, necessarily canvass the vote at all; its duties may be, and probably most often are, limited to a recount of a part only of the votes.

Although the justice of the Supreme Court, upon a recount, may declare who is elected, he in no sense canvasses the votes. He merely decides disputed questions which the board fails to decide by a majority vote.

The only canvassers who declare the result of an election are the boards of election.

This construction, which is the necessary result of the language used in the different sections of the act, is sustained by the history of the legislation. The definition of "incumbent" in section 164 is taken from section 102 of the act of April 18th, 1876. *Rev., p.* 356. When that act was passed there was no provision for a mere recount, such as now appears in section 159. A recount was first provided for by the supplement of March 11th, 1880. *Gen. Stat., p.* 1327, § 195. When the legislature adopted this statutory definition of "incumbent," the only canvassers were the board which made the original canvass of the votes, and the language of the act of 1898, which was a general revision, must be given the construction which was the only construction possible under the act of 1876, from which the words were taken.

It is true that this construction deprives a person who is originally declared elected and whose certificate is revoked upon a recount of the right to resort to the statutory proceedings to contest the election, but as the remedy by *quo warranto* is open to him, we cannot say that the legislature intended to give him the statutory remedy. If it is a *casus omissus,* the remedy rests with the legislature.

It is unnecessary now to decide whether the statutory pro-

ceedings to contest the election, and the proceedings for a recount are both open to the contestant, or whether he must elect which proceeding he will take.

This case comes to this court by an appeal under section 175 of the act, which provides that the party against whom judgment is rendered may appeal for error of law only to the Supreme Court. Although the court below is without jurisdiction, the case is properly before us. The appeal provided by the act is a substitute for the writ of *certiorari*, and the constitutional jurisdiction of this court by *certiorari* is not affected. The only effect of the act is to provide a new method of procedure, and this was within the power of the legislature.

Since we have reached the conclusion that the Circuit Court was without jurisdiction, a judgment should be entered in this court reversing the judgment below and dismissing the petition.